**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN W. ROSE,

          Plaintiff - Appellant,

  v.

STATE OF CALIFORNIA,

          Defendant - Appellee.

No. 08-17787

D.C. No. 1:08-cv-00681-LJO-GSA

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

    California state prisoner Steven W. Rose appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

LSS/Research

constitutional violations, as well as several federal statutory and state law claims against the State of California. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal pursuant to 28 U.S.C. § 1915A. *Ramirez v. Galaza*, 334 F.3d 850, 853–54 (9th Cir. 2003). We vacate and remand.

Although *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), bars Rose's request for money damages in his challenge to the procedures used during his parole hearing, it does not necessarily bar a claim for prospective injunctive and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005) (allowing claims challenging parole procedures to proceed under § 1983 because the injunctive and declaratory relief that plaintiffs sought would not necessarily spell speedier release). Because Rose's nearly 250-page complaint also requests prospective injunctive and declaratory relief, it is not clear that he could not state a viable claim under section 1983, if advised of the deficiencies in the complaint and given an opportunity to amend and comply with Rule 8. *See* Fed. R. Civ. P. 8(a) (requiring a short and plain statement of the claim). Accordingly, we vacate the judgment and remand for further proceedings. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (stating that leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the defects in the pleading).

Rose's pending motions are denied.

Rose shall bear his own costs on appeal.

**VACATED and REMANDED.**